# BURKE & PARSONS
COUNSELORS AT LAW
100 PARK AVENUE
NEW YORK NY 10017-5533

TELEPHONE +1 212 354 3800
FACSIMILE +1 212 221 1432

January 3, 2007



RECEIVED
JAN - 4 2007
CHAMBERS OF
RICHARD J. HOLWELL

VIA FACSIMILE (3 pages)
(212) 805.7948

Honorable Richard J. Holwell
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/07

SK Shipping Co. Ltd. v.
Eastrade Commodities Inc.
06-Civ-12985 (RJH)
Our Ref: 8966

Dear Judge Holwell:

    We are counsel for plaintiff SK Shipping Co. Ltd. in the above-captioned maritime action, which was filed pursuant to a provision in the Federal Arbitration Act, 9 U.S.C. § 8, and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. We write to request an adjournment of the initial Pre-trial Conference, which is currently scheduled for 9:30 a.m. on Friday, January 5th.

    On February 6, 2003, plaintiff and defendant entered into a Contract of Affreightment ("COA") for the transportation of bulk cement in twelve shipments from various load ports to Port Harcourt, Nigeria. For the ninth voyage under the COA, plaintiff time chartered the M/V GOLDEN LION from its registered owner to transport a cargo of cement to Port Harcourt. A dispute arose during that voyage, as a result of which plaintiff has demanded arbitration in London pursuant to the arbitration clause in the COA to recover $222,745.00. As indicated in paragraph 11 of

Hon. Richard J. Holwell          Page 2 of 3                January 3, 2007

the Verified Complaint, a single arbitrator has been appointed and both plaintiff and defendant have participated in the arbitration, which is ongoing.

On September 16, 2005, plaintiff, as Disponent Owner of the M/V ARHIMIDIS SB, entered into a voyage charter party with defendant, as Charterer, for the transportation of a cargo of bulk cement from Rizhao, China to Port Harcourt. Pursuant to Clause 25 of the charter party, defendant agreed to pay plaintiff demurrage at the rate of $18,000 per day or pro rata for delays at the loading and/or discharging ports. In accordance with the foregoing clause, on or about February 9, 2006, plaintiff presented its invoice to defendant in the total amount of $654,448.89 for demurrage incurred on the chartered voyage. However, defendant has failed to pay the invoice, despite due demand by plaintiff, and plaintiff stands ready to proceed to arbitration in London in connection with its claim for said demurrage.

In addition to the principal amounts, as stated above, plaintiff seeks to recover interest, the cost of the proceedings in London and legal fees. The total amount plaintiff seeks to recover is at least $1,244,341.45. In accordance with 9 U.S.C. § 8 and Rule B of the Supplemental Rules, plaintiff filed this action to obtain security for the claims (described above) that are subject to arbitration in London. On November 7, 2005, Your Honor signed an *Ex Parte* Order for Process of Maritime Attachment authorizing issuance of a Process of Maritime Attachment and Garnishment against property of the defendant in this district. Your Honor also signed an Order Appointing [a] Special Process Server Pursuant To F.R.C.P. Rule 4(c). Beginning on November 7, 2006 and to this day, plaintiff has been serving the Verified Complaint, the *Ex Parte* Order for Process of Maritime Attachment and the Process of Maritime Attachment and Garnishment on a number of banks doing business in New York in an effort to attach funds belonging to defendant. To date, these efforts have been unsuccessful and no property has been attached. However, service on the banks continues on a daily basis and plaintiff is hopeful that it will eventually obtain full or partial security for its claims.

Plaintiff has not yet served the Verified Complaint on defendant for two reasons. For one reason, the purpose of the action is not to resolve the claims on the merits but to obtain security. Past experience has shown that when foreign defendants become aware of attachment actions in New York, they change the way they do business in an effort to avoid the effect of the writ of attachment. For a second reason, instructing counsel in London are considering broadening the scope of the proceedings in London to add an additional company as a respondent on the basis of an *alter ego* theory or some other theory that would justify piercing the corporate veil. We have

Hon. Richard J. Holwell                Page 3 of 3                January 3, 2007

withheld service in New York until the client decides whether to add a defendant to the action, in which case we would serve the Amended Complaint on both defendants. If the client decides not to add the second party as a defendant, we would then proceed with service of the original Verified Complaint on Eastrade Commodities.

    Given the current situation, as described in the preceding paragraph, we ask that the Court kindly adjourn the conference scheduled for January 5th to a date in mid-February. On behalf of plaintiff, we would appreciate the Court's indulgence in connection with this request.

*Conference adjourned to 2/9/07 at 11:00 am*
*SO ORDERED*
*[signature]*
*RJH USDJ*
*1/4/07*

Respectfully submitted,

BURKE & PARSONS

*[signature]*

Keith W. Heard
heard@burkeparsons.com

O:\CM\8966_FIS\BP_COR\0008.DOC